# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Denis R. O'Brien

v.

Christopher Wren and
John Christian Lowe

Case No. CL95-35

Denis R. O'Brien

v.

Dianne Brubaker,
John Christian Lowe, and
SHC Corporation

Case No. CL95-36

April 30, 1996

BY JUDGE JOSEPH F. SPINELLA

On April 30, 1996, came the plaintiff in person and the defendants by counsel upon the motion of the plaintiff to be heard on the sanctions previously imposed by the Court and upon the amount of the sanctions to be imposed, and his Motion for a Bill of Particulars as to the amount of said sanctions and was argued by counsel and the plaintiff.

Upon consideration whereof, the Court denies the Motion for a Bill of Particulars and finds that as a matter of law, the plaintiff had no basis whatsoever to bring two separate suits against the defendant, John Lowe, for breach of the same alleged contract and further that the plaintiff brought suit against all defendants for breach of an alleged contract which never existed because of a letter by his attorney dated June 11, 1992, rejecting certain provisions of the alleged contract by the plaintiff and which the plaintiff deliberately withheld from the Court, knowing it would negate the existence of the alleged contract. Accordingly, the Court reaf-

firms its findings that the two suits brought against John Lowe were frivolously without merit, without foundation in law, and completely vindictive by the plaintiff. The Court therefore imposes sanctions in the amount of $6,000.00 against the plaintiff, Denis O'Brien, in favor of John Lowe, which sum is due and payable forthwith.

The motion of the plaintiff for the Court to recuse itself comes after the Court had rendered its decision which disposed of the case on its merits, and the only issue remaining was the amount of the sanctions. Accordingly, the motion for the Court to recuse itself is denied.

The plaintiff having declared his intention to appeal the Court's decision to the Supreme Court of Virginia and filed a motion to allow him to proceed as an indigent pursuant to § 8.01-676.1(K), the Court finds that, based on his testimony and his affidavit filed herein, the plaintiff is indigent, and accordingly, the plaintiff is not required to post surety for an appeal bond. The Court sets the appeal bond in the amount of $10,000.00.